# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7358 | **DATE** | March 9, 2011 |
| **CASE TITLE** | U.S. ex rel. Donald Lehn (#877220) v. Larry Phillips | | |

**DOCKET ENTRY TEXT:**

Petitioner, having submitted his response to the order to show cause entered on November 29, 2010, indicating that he has not availed himself of any state court remedy challenging his August 27, 2008, civil commitment order, his petition is dismissed as time-barred and for failure to exhaust state court remedies. This case is terminated on the Court's docket. All pending motions are denied as moot.

○[**For further details see text below.**]

Docketing to mail notices.

---

## STATEMENT

Petitioner, Donald Lehn, is a civilly committed person who by was determined to be a sexually violent person pursuant to 725 ILCS 207/1 *et seq.* by order of the Circuit Court in Lake County, Illinois, on August 27, 2008. He has submitted a petition for relief pursuant to 28 U.S.C. § 2254. He is challenging the order of civil commitment. He alleges in his petition that he is a resident of Wisconsin and that Illinois law should not be used to confine him here. He further alleges that he has failed to exhaust his state court remedies because the Illinois courts could not provide him the relief he seeks, which is to serve a conditional release in Wisconsin.

On November 29, 2010, this Court ordered Plaintiff to show cause as to why his petition should not be dismissed for failure to exhaust state court remedies. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). If Petitioner has failed to exhaust available state court remedies, his federal habeas petition is not ripe for review. *See, e.g., United States ex rel. Bailey v. Riker*, No. 07 C 1759, 2007 WL 2410117, at *1-2 (N.D. Ill. Aug. 15, 2007) (Gottschall, J.); *United States ex rel. Rico v. Hinsley*, No. 04 C 5081, 2007 WL 2225903, at *4 (N.D. Ill. Aug. 1, 2007) (Pallmeyer, J.). While Petitioner is challenging his civil commitment, he maintains that as a resident of Wisconsin, and that Illinois courts have no jurisdiction over him. He was, however, committed pursuant to an order entered by the Circuit Court in Lake County, Illinois. Petitioners who are confined civilly at the Illinois Department of Human Services Treatment Center at Rushville are "in custody" for purposes of the habeas corpus statute. *See, e.g.*, *Duncan v. Walker*, 533 U.S. 167, 176 (2001). So, as Petitioner is challenging a state court order of civil commitment, he must first exhaust his state court remedies. As Petitioner has failed to exhaust his state court remedies, he may not now seek relief here pursuant to 28 U.S.C. § 2254.

**(CONTINUED)**

| | AWL |
|---|---|

Additionally, under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2). As Petitioner pursued no direct review of the August 27, 2008, civil commitment order, his § 2254 petition is untimely.

Petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus is, consequently, time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997).

Accordingly, the petition is dismissed. This case is terminated. Any pending motions are denied as moot.